UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------

NERRIS PORTER, individually and on behalf of all others similarly situated,

*Plaintiff,*

*-against-*

ALL-METRO HEALTH CARE SERVICES OF NEW YORK, INC. d/b/a METRO HEALTH CARE

*Defendant.*

----------------------------------------------------------------

Docket No.: 26-cv-931

**COLLECTIVE & CLASS ACTION COMPLAINT**

*Jury Trial Demanded*

Plaintiff NERRIS PORTER ("**Plaintiff**"), by and through her attorney, NAIDICH LAW, and on behalf of herself and all other similarly situated persons, brings this Collective and Class Action Complaint against defendant ALL-METRO HEALTH CARE SERVICES OF NEW YORK, INC. d/b/a METRO HEALTH CARE ("**Defendant**") and alleges as follows:

## PRELIMINARY STATEMENT

1. Defendant, a home health care services provider, has pursued a policy, practice, and pattern of stealing wages from the home health aides ("**HHAs**") it employs in violation of the Fair Labor Standards Act (the "**FLSA**"), 29 U.S.C. § 201 *et seq.*, the New York Labor Law ("**NYLL**") § 650 *et seq.*, including by willfully and intentionally (i) prohibiting employees from logging work outside of certain pre-approved hours, regardless of when the work actually occurred, (ii) refusing to pay employees for each hour actually worked, and (iii) failing to pay employees for each hour of any 24-hour shifts.

2. Plaintiff seeks compensatory damages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' costs and fees.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

4. This Court has supplemental matter jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367, because those claims form part of the same case and controversy as Plaintiff's FLSA claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## PARTIES

6. Plaintiff Nerris Porter ("**Plaintiff**") is a live-in HHA residing in New York State.

7. Defendant All-Metro Health Care Services of New York, Inc. d/b/a Metro Health Care ("**Defendant**") is a domestic corporation headquartered in Lynbrook, New York.

8. Defendant is a Licensed Home Care Services Agency (a "**LHCSA**") providing home health care services to sick and/or elderly clients residing in and New York and Florida.

9. Defendant is an enterprise engaged in commerce within the meaning of the Fair Labor Standards Act (the "**FLSA**").

10. As an LHCSA, Defendant regularly uses goods and/or services moved in interstate commerce, including but not limited to medical supplies and payroll systems.

11. Defendant maintains operations in at least two separate states.

12. Defendant's annual revenue is in excess of $500,000.

13. Defendant employed Plaintiff within the meaning of the FLSA and NYLL from in or around 2023 through in or around November 2025.

## FACTUAL ALLEGATIONS

14. Plaintiff is an experienced HHA who worked for and was employed by Defendant from in or around 2023 until in or around November 2025.

15. In or around May 2023, Defendant assigned Plaintiff to care for a single elderly patient in Nassau County, New York (the "**Patient**").

16. Plaintiff lived in the Patient's home, providing health and home care services. She was expected to and did work seven days a week throughout her employment.

17. She was compensated at a regular rate of $19 per hour.

18. Defendant maintained a policy and practice of refusing to pay HHA for more than twelve hours per day, regardless of how many hours were actually worked.

19. Defendant instructed Plaintiff to clock into work every day at 9:00 am, regardless of when work actually began.

20. In reality Plaintiff began work when the Patient woke each morning, usually between 6am and 8am, depending on whether the Patient was scheduled for a doctor's appointment.

21. Defendant deemed Plaintiff to have clocked out of work no later than 9:00 pm, regardless of when work actually ended.

22. In reality Plaintiff remained at work until the Patient went to sleep every night, usually around 11pm.

23. Even after the Patient went to sleep, Plaintiff was expected to monitor the Patient's health to ensure he did not suffer any post-dialyses bleeds, oxygen disruptions, or other injuries.

24. Defendant required Plaintiff to remain on duty twenty-four hours a day and to be present whenever the Patient was awake.

25. The Patient frequently woke during the night and typically remained awake for between four and five hours. The Patient's health deteriorated in or around October 2025, further disrupting his sleep and causing him to remain awake for even greater periods of time.

26. Most nights Plaintiff slept for less than eight hours, and almost never received five or more hours of uninterrupted sleep.

27. Defendant refused to pay Plaintiff for more than twelve hours per day.

28. Defendant refused to pay Plaintiff for every hour of a twenty-four hour shift for days Plaintiff received less than eight total or five continuous hours of sleep.

29. Plaintiff reported her schedule to Defendant, who were aware of her actual work hours and lack of sleep.

30. Plaintiff was terminated in or around November 2025 after complaining she was receiving less than two hours of uninterrupted sleep per night.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of all current and former HHAs employed by Defendant from six years prior to the filing of this complaint through entry of judgment in this case (the "**Class Members**").

32. Plaintiff and the Class Members are similarly situated in that they worked the same or substantially similar hours, including hours for which Defendant willfully and intentionally refused to pay them in violation of the FLSA and NYLL.

33. The Class Members are so numerous that joinder of all members is impractical.

34. Upon information and belief, there are between 40 and 50 Class Members, although the exact number of Class Members depends on information presently in Defendant's sole possession and control.

35. The Class Members are readily ascertainable from Defendant's records and notice can be provided by means permissible under Rule 23.

36. Common questions of law and fact predominate over individual issues including, but not limited to, whether Defendant (i) prohibited employees from logging all hours worked, (ii) failed to pay employees for every hour worked, (iii) failed to pay mandatory overtime and/or spread-of-hours wages, (iv) failed to pay the mandatory twenty-four hours pay to employees who received less than eight total or five uninterrupted hours of sleep per night, (v) acted willfully and intentionally pursuant to a standing policy or practice.

37. Defendant has acted or refused to act on grounds generally applicable to the entire class such that class wide declaratory and/or injunctive relief is appropriate.

38. Plaintiffs' claims are typical of the Class Members' claims.

39. Plaintiff and the Class Members worked for Defendant in the same capacity, were wrongfully denied the same type of compensation, and suffered the same or substantially similar injuries.

40. Plaintiff will fairly and adequately represent the interests of the Class Members.

41. There are no conflicts between Plaintiff and the Class Members. Plaintiff brings this lawsuit out of a desire to help all Class Members, not merely to recover their own damages.

42. A class action is superior to other available methods of fairly and efficiently adjudicating this case.

43. Class certification will permit Class Members, who lack the financial resources to vigorously prosecute individual lawsuits, to pursue relief while avoiding duplicative litigation that might result in inconsistent judgments.

**COLLECTIVE ACTION ALLEGATIONS**

44. Plaintiff and the Class Members are victims of a common policy and plan perpetrated by Defendant in violation of the FLSA and New York Law.

45. As part of their regular business practices, Defendant intentionally, willfully, and repeatedly harmed Plaintiff and the Class Members by engaging in a pattern, practice, and/or policy of violating the FLSA as described above.

46. Plaintiff and the Class Members performed the same or similar work.

47. Plaintiff's experience with respect to job duties and pay were typical of the Class Members.

48. Plaintiff and the Class Members had similar job titles, duties, and pay structures.

49. Defendant regularly and routinely failed to pay Plaintiff and the Class Members for each hour worked

50. Defendant regularly and routinely failed to pay Plaintiff and the Class Members overtime wages for each hour worked in excess of forty hours per work week.

51. Defendant regularly and routinely failed to pay Plaintiff and the Class Members mandatory spread-of-hours pay.

52. Defendant regularly and routinely failed to pay Plaintiff and the Class Members the equivalent of twenty-four hours pay on days they received less than eight total or five continues hours of sleep.

53. Defendant acted willfully and intentionally pursuant to a standing policy or practice.

54. Plaintiff and the Class Members claims all arise from a common nucleus of facts and Defendant' liability is based on the same misconduct. Although the exact amount of damages may vary among Class Members, the damages owed to each Class Member can be easily calculated.

**COUNT ONE**
**<u>FAILURE TO PAY ALL HOURS WORKED</u>**
(In Violation of the Fair Labor Standards Act)

55. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

56. Defendant was required to pay Plaintiff for each and every work hour.

57. Defendant failed to pay Plaintiff for all hours worked.

58. Plaintiff regularly and routinely worked as many as 110 hours per week but was only paid for 84 hours per week.

59. Defendant's failure was willful and intentional.

60. Defendant acted pursuant to a policy and practice of prohibiting HHAs from clocking in before 9:00 am or clocking out after 9:00 pm.

61. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages under the FLSA.

**COUNT TWO**
**<u>FAILURE TO PAY ALL HOURS WORKED</u>**
(In Violation of New York Labor Law)

62. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

63. Defendant was required to pay Plaintiff for each and every work hour.

64. Defendant failed to pay Plaintiff for all hours worked.

65. Plaintiff regularly and routinely worked as many as 110 hours per week but was only paid for 84 hours per week.

66. Defendant's failure was willful and intentional.

67. Defendant acted pursuant to a policy and practice of prohibiting HHAs from clocking in before 9am or clocking out after 9pm.

68. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages under New York law.

**COUNT THREE**

**FAILURE TO PAY LIVE-IN HHA FOR FULL 24-HOUR SHIFTS**

(In Violation of the Fair Labor Standards Act & 29 CFR § 785.22)

69. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

70. Defendant was required to pay Plaintiff for not less than thirteen hours per twenty-four hour shift.

71. Plaintiff regularly and routinely worked twenty-four hour shifts.

72. Defendant refused to pay Plaintiff for more than twelve hours in any twenty-four hour shift.

73. Defendant's refusal was willful and intentional.

74. Defendant acted pursuant to a policy and practice of refusing to pay HHA for more than twelve hours in any twenty-four hour shift.

75. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages the FLSA.

**COUNT FOUR**

**FAILURE TO PAY LIVE-IN HHA FOR FULL 24-HOUR SHIFTS**

(In Violation of New York Labor Law & 12 NYCRR 142-2.1)

76. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

77. Defendant was required to pay Plaintiff for not less than thirteen hours per twenty-four hour shift.

78. Defendant was required to pay Plaintiff for a full twenty-four hours per twenty-four hour shift during which Plaintiff did not receive a minimum of eight hours total and five hours uninterrupted sleep.

79. Plaintiff regularly and routinely worked twenty-four hour shifts.

80. Plaintiff regularly and routinely received less than eight hours total and/or five hours uninterrupted sleep per twenty-four hour shift.

81. Defendant refused to pay Plaintiff for more than twelve hours in any twenty-four hour shift.

82. Defendant's refusal was willful and intentional.

83. Defendant acted pursuant to a policy and practice of refusing to pay HHA for more than twelve hours in any twenty-four hour shift.

84. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages under New York Law.

**COUNT FIVE**
**FAILURE TO PAY OVERTIME WAGES**
(In Violation of the Fair Labor Standards Act)

85. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

86. Defendant was required to pay Plaintiff one and one-half times her regular rate of pay for each hour worked in excess of forty hours per work week.

87. Plaintiff regularly and routinely worked more than forty hours per work week.

88. Defendant willfully and intentionally failed to pay Plaintiff's full overtime pay.

89. Defendant acted pursuant to a policy and practice of refusing to pay HHAs for more than twelve hours, regardless of actual hours worked.

90. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages under the FLSA.

**COUNT SIX**
**FAILURE TO PAY OVERTIME WAGES**
(In Violation of New York Labor Law)

91. Plaintiff incorporates and realleges all the allegations contained in the preceding paragraphs.

92. Defendant was required to pay Plaintiff one and one-half times her regular rate of pay for each hour worked in excess of forty hours per work week.

93. Plaintiff regularly and routinely worked more than forty hours per work week.

94. Defendant willfully and intentionally failed to pay Plaintiff's full overtime pay.

95. Defendant acted pursuant to a policy and practice of refusing to pay HHAs for more than twelve hours, regardless of actual hours worked.

96. Plaintiff was injured by Defendant's illegal conduct and as such is entitled to damages under New York law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests judgment as follows:

a) certifying this action as a collective and class action;

b) authorizing issuance of notice to all Class Members;

c) awarding Plaintiff and the Class Members compensatory damages in an amount to be determined at trial;

d) awarding Plaintiff and the Class Members liquidated damages;

e) awarding Plaintiff and the Class Members pre- and post-judgment interest;

f) awarding Plaintiff and the Class Members reasonable attorneys' costs and fees; and

g) awarding such other and further relief as the Court deems just and proper.

Dated: February 17, 2026
New York, New York

Respectfully submitted

By: Zachary Naidich